Opinion filed December 31, 2015



In The

# Eleventh Court of Appeals

_____

## Nos. 11-15-00303-CR & 11-15-00304-CR

_____

## AMBER DAWN RUSSELL, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 118th District Court**

**Howard County, Texas**

**Trial Court Cause Nos. 14568 & 14569**

## M E M O R A N D U M   O P I N I O N

Appellant, Amber Dawn Russell, entered into a plea agreement with the State and pleaded guilty to two offenses of delivery of a controlled substance. In each case, the trial court assessed Appellant's punishment in accordance with the terms of her plea agreement at confinement for two years in a state jail facility, to run concurrently. Appellant filed a pro se notice of appeal. We dismiss the appeals.

This court notified Appellant by letters dated November 24, 2015, that we had received information from the trial court that Appellant waived her right of appeal in each case and that these are plea-bargain cases in which Appellant has no right of appeal. *See* TEX. R. APP. P. 25.2(a)(2), (d). We requested that Appellant respond and show grounds to continue the appeals. Appellant has not filed a response.

Rule 25.2(a)(2) provides that, in a plea bargain case in which the punishment does not exceed the punishment agreed to in the plea bargain, "a defendant may appeal only: (A) those matters that were raised by written motion filed and ruled on before trial, or (B) after getting the trial court's permission to appeal." The documents on file in each of these appeals reflect that Appellant entered into a plea bargain, that her punishment was assessed in accordance with the plea bargain, that Appellant waived her right to appeal, and that the trial court denied Appellant's request for permission to appeal. The trial court's certifications were signed by Appellant, Appellant's counsel, and the judge of the trial court. The trial court certified in each case that Appellant has no right of appeal. The documents on file in this court support the trial court's certifications and show that Appellant waived her right of appeal in both cases. *See Dears v. State*, 154 S.W.3d 610 (Tex. Crim. App. 2005). Accordingly, we must dismiss these appeals without further action. TEX. R. APP. P. 25.2(d); *Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006).

Accordingly, these appeals are dismissed.

PER CURIAM

December 31, 2015

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.